**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:                                              Bky. No. 09-35499

Kathy Rose Pexa,

              Debtors                    Chapter 13 Case

---

**NOTICE OF HEARING AND MOTION FOR PERMANENT EXEMPTION, UNDER 11 U.S.C §109(h)(4), FROM FINANCIAL MANAGEMENT COURSE REQUIREMENT AND FROM REQUIREMENT TO COMPLETE AND FILE FORM 4004-1 CERTIFICATE REGARDING DOMESTIC SUPPORT OBLIGATIONS**

---

TO:    THE DEBTOR(S), CHAPTER 13 TRUSTEE, UNITED STATES TRUSTEE AND OTHER PARTIES ENTITLED TO NOTICE UNDER LOCAL RULES, 1007-2, 2002-1 AND 9013-3.

1. Stephen J. Behm, attorney of record for the above-referenced debtor, moves the Court for the relief requested below and gives notice of hearing.

2. A hearing regarding this motion will be held on January 9, 2014 at 11:00 a.m., before the Hon. Katherine A. Constantine, Judge of Bankruptcy Court, at the United States Courthouse, Courtroom 2C, 2nd Floor, 316 North Robert Street, St. Paul, MN 55101.

3. Any responsive papers to this motion must be filed and served by delivery not later than January 4, 2014 which is five (5) days before the time set for the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. The Petition commencing this case was filed on August 7, 2009. The debtor's 11 U.S.C. §341 hearing was duly conducted on September 23, 2009.  This case is pending in this Court. This Court has jurisdiction over this Motion pursuant to 28 U.S.C.§§ 157 and 1334, Local Rule 1070-1, Bankruptcy Rule 5005 and all applicable rules. This proceeding is a core proceeding.

5. This Motion arises under 11 U.S.C. §§ 109(h)(4) and 727(a)(11). The relief is requested pursuant to Bankruptcy Rules 9006 and 9013 and Local Rules 5005-1, 9006-1 and 9013-1, 9013-2 and 9013-3.

6. Movant requests the Court to enter an Order exempting the debtor, Kathy Rose Pexa, from having to take the financial management course as per 11 U.S.C. §§ 109(h)(4) and 727(a)(11) and from having to complete and file the Form 4004-1 Certificate Regarding Domestic Support Obligations.  On October 26, 2013, the debtor passed away from

1

metastatic breast cancer.  Attached hereto and incorporated herein by reference as Exhibit "A" is a copy of the debtor's death certificate.  The debtor completed all of the debtor's plan payments and the chapter 13 trustee stands ready to issue its final report so that a discharge order can be entered.

This motion is premised upon the attached Memorandum of Law and upon all records and documents available to the Court.

**WHEREFORE**, movant requests the Court for an Order granting the following relief:

A. Exempting the debtor from having to take the financial management course, as per 11 U.S.C. §§ 109(h)(4) and 727(a)(11) and from having to complete and file the Rule 4004-1 Certificate Regarding Domestic Support Obligations.

B. For such other and further relief as the Court deems just and equitable in the premises.

Dated: this 10th day of December, 2013.

**BEHM LAW GROUP, LTD.**


/s/ Stephen J. Behm
Stephen J. Behm, #263758
Attorney for Debtors
403 South Broad Street, Suite 60
P.O. Box 1056
Mankato, MN 56002-1056
Telephone: (507) 345-5500

2

## STATE OF MINNESOTA
### CERTIFICATION OF VITAL RECORD

EXHIBIT "A"

## CERTIFICATE OF DEATH

STATE FILE NUMBER 2013-MN-033480

| | |
|---|---|
| DECEDENT | KATHLEEN ROSE PEXA |
| NAME PRIOR TO FIRST MARRIAGE | |
| ALSO KNOWN AS | |
| SOCIAL SECURITY NUMBER | 469 - 66 - 7998 |
| SEX | FEMALE |
| BORN | OCTOBER 19, 1955 |
| PLACE OF BIRTH | NEW PRAGUE    MINNESOTA |
| DATE OF DEATH | OCTOBER 26, 2013 |
| PLACE OF DEATH | THE LODGE ON NATCHEZ |
| | ELKO    SCOTT    MINNESOTA |
| MARITAL STATUS | MARRIED |
| SPOUSE | STEVE MILLER |
| RESIDENCE | MONTGOMERY    LE SUEUR    MINNESOTA |
| PARENT | PHYLLIS PEXA |
| PARENT | |
| FUNERAL HOME | U OF MN MEDICAL SCHOOL BEQUEST PROGRAM |
| DISPOSITION | DONATION |
| CAUSE OF DEATH | |
| IMMEDIATE | METASTATIC BREAST CANCER |
| UNDERLYING | |
| OTHER CONTRIBUTING CONDITIONS | |
| MANNER | NATURAL |
| MEDICAL EXAMINER, CORONER OR PHYSICIAN | VICTOR M SANDLER, M.D. 2450 - 26TH AVENUE S, MINNEAPOLIS, MINNESOTA, 55406 |

THIS RECORD HAS NOT BEEN AMENDED

THIS IS A TRUE AND CORRECT RECORD OF DEATH REGISTERED IN THE MINNESOTA OFFICE OF THE STATE REGISTRAR.

MR&C Certificate ID
8496952


000013130
40A-000013130

FILED: OCTOBER 29, 2013

*Heidi Granlund*
HEIDI GRANLUND
ACTING STATE REGISTRAR

ISSUED: NOVEMBER 08, 2013    LE SUEUR COUNTY RECORDER

THIS CERTIFICATION IS VALID ONLY WHEN REPRODUCED ON WATERMARKED SECURITY PAPER WITH A RAISED BORDER AND RAISED STATE SEAL OF MINNESOTA.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:                                          Bky. No. 09-35499

Kathy Rose Pexa,

        Debtors                        Chapter 13 Case

---

**MEMORANDUM OF LAW**

---

**I.**

**INTRODUCTION AND FACTUAL BACKGROUND**

Per Local Rules 5010-1 and 9013-2, the debtor submits this memorandum in support of the debtor's motion for exemption from the financial management course for the debtor. The above-captioned chapter 7 case was commenced on August 7, 2009 and the 11 U.S.C. § 341 first meeting of creditors was duly conducted on September 23, 2009. On October 26, 2013, the debtor passed away from metastatic breast cancer. Attached hereto and incorporated herein by reference as Exhibit "A" is a copy of the debtor's death certificate. The debtor completed all of the debtor's plan payments and the chapter 13 trustee stands ready to issue its final report so that a discharge order can be entered.

**II.**

**ISSUE**

**Should the Court grant the debtor's motion to exempt the debtor from having to take the financial management course?**

1

### III.

### ANALYSIS

According to 11 U.S.C. § 109(h)(1), an individual many not be a debtor unless such individual, during the 180-day period preceding the date of filing, has received credit counseling briefing from an approved nonprofit budget and credit counseling agency. However, according to 11 U.S.C. § 109(h)(4), provides that a debtor may be excused from having to complete such credit counseling briefing if a court, after notice and hearing, determines that an individual is unable to complete such course by reason of incapacity meaning that such individual is impaired by reason of mental illness or mental deficiency so that the individual is incapable of realizing and making rational decisions with respect to said individual's financial responsibilities. According to 11 U.S.C. § 727(11), an individual may not receive a discharge unless said person has completed an instructional course concerning personal financial management as described in 11 U.S.C. § 111. However, an individual may be excused from having to take said course if one meets the requirements of 11 U.S.C. § 109(h)(4).

An incarcerated debtor is not disabled or incapacitated for purposes of 11 U.S.C. § 109(h)(4). In re Halfpenny, 2010 Bankr. LEXIS 3742 (Bankr. E.D. Pa. Oct. 21, 2010). See also In re Bristol, 2009 WL 238002 (E.D.N.Y. Feb. 2, 2009); (upholding bankruptcy court order dismissing incarcerated debtor's bankruptcy case due to failure to comply with § 109(h)(1)); *see also In re Anderson,* 397 B.R. 363 (6th Cir. BAP 2008); In re Solomon, 436 B.R. 451 (Bankr. W.D. Mich. 2010). Congress made another clear exception to the prepetition credit counseling requirement by providing that it "shall not apply" to debtors who establish incapacity, disability or active military service in a combat zone. In re Borges, 440 B.R. 551 (Bankr. D.N.M. 2010).

2

The provision of exceptions to the prepetition credit counseling requirement shows that Congress contemplated exceptions to the counseling requirement and made those exceptions explicit. Id. A debtor suffering from Alzheimer's disease lacks the requisite capacity to participate in credit counseling. In re Olusoga, 2010 Bankr. LEXIS 2042 (Bankr. N.D. Ga. May 12, 2010).

As set forth in § 109(h)(4), a debtor is entitled to receive a waiver of the requirement to complete an instructional course concerning personal financial management if it is shown that a debtor is unable to complete the course for one of three reasons: (1) incapacity; (2) disability; or (3) active military duty in a military combat zone. In re Denger, 417 B.R. 485, 487 (Bankr. N.D. Ohio 2009); these grounds are exclusive. Id. In § 109(h)(4), incapacity is defined in a limited way to mean that "the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities." Id. A debtor must submit a motion in support of a debtor's certification that a disability exempts a debtor from the credit counseling requirement. In re Rich, 2009 Bankr. LEXIS 336 (Bankr. D.D.C. Feb. 9, 2009). A deceased debtor is "incapacitated" such that said debtor is unable to complete the financial management requirement. In re Thomas, 2008 Bankr. LEXIS 4519 (Bankr. D.D.C. Nov. 5, 2008). *See also* In re Robles, 2007 Bankr. LEXIS 4239 (Bankr. W.D. Tex. Dec. 13, 2007); In re Trembulak, 362 B.R. 205 (Bankr. D.N.J. 2007). A debtor possesses the requisite incapacity, as defined in 11 U.S.C.S. § 109(h)(4), where a debtor's principal care giver testifies that the debtor has dementia and memory loss, migrates in and out of a general state of confusion, and is capable of participating in short telephone conversations but not capable of fully comprehending such conversations. In re Faircloth, 2006 Bankr. LEXIS 3620 (Bankr. M.D.N.C. Dec. 18, 2006).

3

A debtor incarcerated at a work camp, not permitted to make phone calls out (other than once a week to a family member) and not permitted internet access of the sort necessary in order to obtain a credit counseling briefing online was physically impaired so as to satisfy the requirements of 11 U.S.C. § 109(h)(4). In re Lee, 2008 Bankr. LEXIS 689 (Bankr. W.D. Tex. Mar. 12, 2008). A debtor's medical conditions which simply make it difficult for a debtor to obtain the financial management course in person, where there is no evidence that the conditions are so severe as to render a debtor unable to participate in a telephone or Internet financial management course is not a sufficient basis upon which to grant a motion under 11 U.S.C. § 109(h)(4). In re Ferrell, 391 B.R. 292 (Bankr. D.S.C. 2008). A disability exemption under 11 U.S.C.S. § 109(h)(4) requires a three-prong analysis. First, the court must decide whether the debtor is disabled; second, the court must determine whether the debtor has made a reasonable effort, despite the impairment, to participate in pre-petition credit counseling; third, the court must determine whether the debtor is unable, because of the disability, to meaningfully participate in an in-person, telephone, or internet pre-petition briefing. In re Winston, 2007 Bankr. LEXIS 2011 (Bankr. E.D. Cal. June 6, 2007). Where a debtor is disabled but does not argue and does not submit any evidence to establish that the debtor made a reasonable effort to participate in pre-petition credit counseling, relief under 11 U.S.C.S. § 109(h)(4) is not appropriate. Id. Where a debtor does not argue and does not submit any evidence to establish that a debtor's disability renders a debtor unable to participate in an in-person, telephone, or internet briefing, relief under 11 U.S.C.S. § 109(h)(4) is not appropriate. Id.

The requisite incapacity to justify a waiver of the pre-filing briefing can be met where a debtor has a mental illness, files multiple bankruptcies and over one hundred lawsuits and where the testimony of the debtor's psychologist testifies that the debtor's mental illness renders the

4

debtor incapable of realizing and making rational decisions regarding the debtor's financial responsibilities.  In re Jarrell, 364 B.R. 899, 903 (Bankr. N.D. Tex. 2007).  A debtor is disabled within the meaning of 11 U.S.C.S. § 109(h)(4) where a debtor travels to and from a hospital for dialysis treatments and later suffers cardiac arrest resulting in the debtor being moved to the intensive care unit and placed on life support for approximately 14 days.  In re Howard, 359 B.R. 589 (Bankr. E.D.N.C. 2007).  The requirements of 11 U.S.C.S. § 109(h)(4) are met where a debtor is suffering from dementia, is unable to speak or otherwise communicate and such condition appears chronic and irreversible.  In re Myers, 350 B.R. 760 (Bankr. N.D. Ohio 2006).  A debtor demonstrated a severe physical impairment where the debtor was 81 years old, was physically limited and hearing impaired, and suffered from serious health issues, including prostate cancer, which limited his ability to ambulate to a scooter.  In re Hall, 347 B.R. 532 (Bankr. N.D. W. Va. 2006).  Where the debtors were elderly and each had significant physical impairments that qualified as disabilities and would prevent meaningful participation in the budget and credit counseling required by 11 U.S.C.S. § 109(h), the court granted debtors a waiver of the requirement that they submit to counseling.  In re Tulper, 345 B.R. 322 (Bankr. D. Colo. 2006).  In imposing the requirement for the personal financial management course, Congress clearly intended that the requirement could be waived if the debtor had cognitive or physical disabilities and is unable to complete the course.  In re Stockwell, 2006 Bankr. LEXIS 748 (Bankr. D. Vt. Apr. 26, 2006).

  Where medical evidence indicates that a debtor is undergoing treatment for a brain tumor and the medication and illness make it difficult for the debtor to complete the debtor's daily living activities without assistance but does not indicate that the debtor is impaired by reason of mental illness or mental deficiency such that the debtor is incapable of realizing and making

5

rational decisions with respect to the debtor's financial responsibilities, a debtor is not incapacitated as per 11 U.S.C. § 109(h)(4). Id. Relief under 11 U.S.C. § 109(h)(4) is appropriate where a state court guardian is appointed for a debtor. In re Benincasa, 386 B.R. 601 (Bankr. D. Md. 2006).

In the present case, on October 26, 2013, the debtor passed away from metastatic breast cancer. Attached hereto and incorporated herein by reference as Exhibit "A" is a copy of the debtor's death certificate. The debtor completed all of the debtor's plan payments and the chapter 13 trustee stands ready to issue its final report so that a discharge order can be entered. The debtor is not able to complete the debtor's education course because she is deceased. She also is not able to complete and file the Rule 4004-1 Certificate Regarding Domestic Support Obligations for the same reason.

## IV.

## CONCLUSION

Based upon the above, the undersigned counsel, on behalf of the debtor, respectfully request the Court to enter an order exempting the debtor from having to take the financial management course and from having to complete and file the Rule 4004-1 Certificate Regarding Domestic Support Obligations.

Dated: this 10th day of December, 2013.

**BEHM LAW GROUP, LTD.**

/s/ Stephen J. Behm
Stephen J. Behm, #263758
Attorney for Debtors
403 South Broad Street, Suite 60
P.O. Box 1056
Mankato, MN 56002-1056
Telephone: (507) 345-5500

6

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:                                          Bky. No. 09-35499

Kathy Rose Pexa,

        Debtors                          Chapter 13 Case

---

### UNSWORN CERTIFICATE OF SERVICE

---

      I, Stephen J. Behm, attorney with Behm Law Group, Ltd., 403 South Broad Street, Suite 60, P.O. Box 1056, Mankato, MN 56002-1056, declare that on December 10, 2013 I mailed the attached **Notice of Hearing and Motion for Permanent Exemption, Under 11 U.S.C §109(h)(4), from Financial Management Course, Exhibit "A", Memorandum of Law, and proposed Order** upon all of the entities listed below and on those listed on the attached service list by first class mail postage prepaid to each entity on said list at the addresses stated for each entity, as indicated.

Kathy Rose Pexa, 508 Elm Avenue S.E., Montgomery, MN 56069.

GE Money Bank, c/o Recovery Management Systems Corp., Attn: Ramesh Singh, 25 SE 2nd Avenue, Suite 1120, Miami, FL 33131-1605.

Upon each of the entities named below by email via CM/ECF Filing:

Gregory A. Burrell, trustee    --    cmecfjzkmn@ch13mn.com
U.S. Trustee                   --    ustpregion12.mn.ecf@usdoj.gov


Dated: this 10th day of December, 2013.

                                  **BEHM LAW GROUP, LTD.**


                                  /s/ Stephen J. Behm
                                  Stephen J. Behm, #263758
                                  Attorney for Debtors
                                  403 South Broad Street, Suite 60
                                  P.O. Box 1056
                                  Mankato, MN 56002-1056
                                  Telephone: (507) 387-7200

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In Re:                                                          Bky. No. 09-35499

Kathy Rose Pexa,

        Debtor                                    Chapter 13 Case

---

## ORDER

---

      On _____ the above-captioned matter came before the Court upon the Notice of Hearing and Motion for Permanent Exemption, Under 11 U.S.C §109(h)(4), from Financial Management Course and from Rule 4004-1, interposed by counsel for the debtor on behalf of the debtor.

      Based upon the motion and all records and documents available to this Court,

      IT IS HEREBY ORDERED,

1. The debtor, Kathy Rose Pexa, is permanently exempted from having to complete the financial management course, as per 11 U.S.C. § 109(h)(4) and 11 U.S.C. § 727(a)(11) and from having to complete and file the Rule 4004-1 Certificate Regarding Domestic Support Obligations.

Dated:

**BY THE COURT:**

_____
United States Bankruptcy Judge