UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

In re:

BKY 09-35499 KAC

*Kathy A. Pexa,*                                                                Chapter 13 Case
            Debtor.

**RESPONSE OF GREGORY A. BURRELL, STANDING CHAPTER 13 TRUSTEE, TO A MOTION REQUESTING THAT THE DEBTOR BE PERMANENTLY EXEMPTED FROM TAKING THE FINANCIAL MANAGEMENT COURSE AND FROM COMPLETING AND FILING FORM 4004-1 REGARDING DOMESTIC SUPPORT OBLIGATIONS**

1. Gregory A. Burrell, Chapter 13 Trustee (the "trustee"), by and through his undersigned attorney, makes the following response to the request for exemption of the debtor from having to take the post-petition financial management court as required by 11 U.S.C. 109(h)(4) and from completing and filing Form 4004-1 regarding domestic support obligations.

2. The court will hold a hearing on the request on January 9, 2014, at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 2C, 200 U.S. Courthouse, 316 North Robert Street, St. Paul, MN.

3. The memorandum of law in support of the motion incorrectly describes the case as a case under Chapter 7. This case was commenced on August 7, 2009, as a partial filing under Chapter 13.

4. The debtor filed the schedules on August 24, 2009, and a meeting of creditors pursuant to 11 U.S.C. § 341(a) was set for September 23, 2009.

5. A review of the debtor's schedules show that she included in her exempt property a one-half interest in a homestead shared with a significant other, with equity in the amount of $11,500, and claimed exempt to the extent of that value, an interest in a remainder interest in her parents' homestead, valued at filing at $14,606.86, and exempt to the extent of $9,627.83, an IRA valued at $42,904.49, and claimed exempt to the full extent of its value, a 401k valued at $18,404.22, and claimed exempt to the full extent of its value, and various other routine and usual assets claimed as exempt to the full exempt of their value.

6. Prior to her death, the debtor completed all of her plan payments to the trustee in the amount of $7,500. After disbursement of the final payment, unpaid unsecured claims will total approximately $20,800.

7. Debtor's counsel asserts in his argument that the court should consider death as a form of disability, paving the way for the debtor to be exempted from taking the financial management course required by 11 U.S.C. § 109(h)(1) and from the requirement that she file the certifications regarding domestic support obligations required by Form 4004-1. However, he cites no statutory authority for the proposition that the court can disregard the requirements of 11 U.S.C. § 109(h)(4). In fact, in all of the cases cited by debtor's counsel, the court considered various forms of incapacity or disability.

8. In order for a debtor to be excused from taking the financial management course, the Statute reads as follows:

"(4) The requirement of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and a hearing, is unable to complete those requirements because of *incapacity, disability, or active military duty in a military combat zone*. For the purposes of this paragraph, *incapacity means that the debtor is impaired by reason of mental illness or mental deficiency* so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and *"disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)*." (*Emphasis added*.)

9. While it may be troubling that Congress did not consider the possibility that a death late in the case might cause a debtor to be ineligible for discharge due to inability to compete the final requirements for discharge, there is nothing in the Statute that empowers this court to disregard those requirements.

10. In the course of the trustee's research, two cases were discovered where a court excused the debtor from the requirements of 11 U.S.C. § 109(h)(4). See: *In re Perkins*, 381 B.R. 530 (S.D. Ill. 2007) and *In re Henderson*, 2008 WL 1740529 (Bankr. W. D. Tex. Apr. 9, 2008). In the *Perkins* case, the court determined that the trustee had not shown any reason why further administration of the case would not be in the best interests of the parties, and in the *Henderson* case, the court found that death would fit within the definition of "disability."

11. The trustee asserts that *In re Shepherd*, 490 B.R. 338 (N.D. Ind. 2013) contains a better-reasoned discussion of this issue. While the issue in the case was substitution of a debtor's personal representative for the debtor in order to preserve the debtor's home for his heirs, the language of the case regarding the purposes of bankruptcy, one of which is to give a debtor a "fresh start," makes it clear that allowing a debtor to circumvent the requirements of the Statute is inappropriate. *Shepherd*, at 341. "After the debtor has died, one does not need a bankruptcy proceeding to accomplish these goals. A debtor who has died has no need of a fresh start, and, where paying creditors is concerned, that can be accomplished by state probate proceedings." *Id*. In a footnote, the court recognizes that there are decisions that have apparently allowed substitution, but without any meaningful discussion of the issue. *Shepherd*, at 343. *And*

*see*: *In re Hennessy*, 2013 WL 3939886 (Bankr. N.D. Cal. July 29, 2013), a case in which the court denied entry of a hardship discharge on the basis that the only beneficiaries of the motion were the debtor's heirs.

12. The trustee notes that in this case, based upon the facts, there may be a probate estate in which unpaid creditors can file their claims. Under such circumstances, the trustee believes that the court should deny the request to excuse the debtor from the requirements of 11 U.S.C. § 109(h)(4) and Form 4004-1, but leaves it to the discretion of the court to determine if the request should be granted based upon the moving papers and cases cited by debtor's counsel in support of the request.

Dated: January 3, 2014                    Gregory A. Burrell, Chapter 13 Trustee

/e/ Margaret H. Culp
Karl J. Johnson, ID # 391211
Margaret H. Culp, ID # 180609
Counsel to Chapter 13 Trustee
12 South 6th Street, Suite 310
Minneapolis, MN  55402-1521
(612) 338-7591

## VERIFICATION

I, Margaret H. Culp, being employed by Gregory A. Burrell, Chapter 13 Trustee, declare under penalty of perjury that I have reviewed the foregoing and it is true and correct to the best of my knowledge.

Dated: January 3, 2014                    /e/ Margaret H. Culp

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

In re:

BKY 09-35499 KAC

*Kathy R. Pexa,*

Chapter 13 Case

Debtor.

## UNSWORN DECLARATION FOR PROOF OF SERVICE

I, Margaret H. Culp, employed by Jasmine Z. Keller, Chapter 13 Trustee, declare that on January 3, 2014, I served Trustee's Response To Request to Permanently Exempt Debtor from taking the Financial Management Course and from filing Form 4004-1 on the following:

***By electronic means:***

Stephen J. Behm, Esq.

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: January 3, 2014                              /e/ Margaret H. Culp