UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                                             Bky. No. 09-35499

Kathy Rose Pexa,

                 Debtors                           Chapter 13 Case

**REPLY TO RESPONSE OF GREGORY A. BURRELL, STANDING CHAPTER 13 TRUSTEE, TO A MOTION REQUESTING THAT THE DEBTOR BE PERMANENTLY EXEMPTED FROM TAKING THE FINANCIAL MANAGEMENT COURSE
AND FROM COMPLETING AND FILING FORM 4004-1 REGARDING
DOMESTIC SUPPORT OBLIGATIONS**

TO:     THE DEBTOR(S), CHAPTER 13 TRUSTEE, UNITED STATES TRUSTEE AND OTHER PARTIES ENTITLED TO NOTICE UNDER LOCAL RULES, 1007-2, 2002-1 AND 9013-3.

1. Stephen J. Behm, attorney of record for the above-referenced debtor, interposes this Reply to the Response of the Chapter 13 trustee (hereinafter "the trustee") concerning the motion permanently exempting the debtor from taking the financial management course and from filing form 4004-1 regarding domestic support obligations and in supplementation to the motion requesting said relief.

2. The Petition commencing this case was filed on August 7, 2009. The debtor's 11 U.S.C. §341 hearing was duly conducted on September 23, 2009. The debtor's chapter 13 plan was filed on January 21, 2010 and February 11, 2010. On July 30, 2012, the debtor filed a post-confirmation modified chapter 13 plan which was confirmed on September 14, 2012. As has been acknowledged by the trustee, the debtor made all of the debtor's plan payments and paid $7,500.00. Unsecured claims in the debtor's case total $25,834.99. In addition, there is a secured claim in the amount of $1,328.83 filed by Le Sueur County for property taxes. As part of the debtor's bankruptcy filing, the debtor asserted certain exemptions as to the debtor's various property, including the items of property denoted in the trustee's Response. No party objected to the debtor's claimed exemptions at all let alone within thirty (30) days following the debtor's 341 hearing. Under 11 U.S.C. §522(l), the exemptions were fixed and allowed. The value of the debtor's property exceeded the debtor's 11 U.S.C. §522(d)(5) exemption allowance by $4,979.03 but the debtor satisfied the best interests of the creditors test as per 11 U.S.C. §1325(a)(4) by paying more than that to the debtors through the debtor's chapter 13 plan.

3. The debtor never did have domestic support obligations and there is nothing either in the debtor's bankruptcy petition and related schedules or the record suggesting otherwise. The trustee has not alleged any fraud or abuse on behalf of the debtor. No creditor has

alleged fraud or abuse perpetrated by the debtor.  Even though the debtor had cancer, the debtor paid all of the payments required by the debtor's chapter 13 plan.  The only thing that happened was that the debtor passed away from breast cancer on October 26, 2013.  Per the trustee's own unilateral thumbnail sketch and under the guise of strict constructionism, the trustee seeks to have the court deny a discharge because the trustee believes that a probate proceeding is legally warranted and justified.  As authority for this tangential and tenuous position, the trustee offers _In re Shepherd_, 490 B.R. 338 (Bankr. N.D. Ind. 2013).  _Shepherd_ is inapposite with respect to the issue presented in this case.  Cases directly on point would be _In re Bouton_, 2013 Bankr. LEXIS 4231 (2013 WESTLAW 5536212), _In re Fuller_, 2010 Bankr. LEXIS 1092 (2013 WESTLAW 1463150), and _White v. Glennville Bank_, 2011 U.S. Dist. LEXIS 157772.

6. Contrary to the trustee's apparent assertions, no party in this case is seeking to circumvent any part of the bankruptcy code.  Ultimately, since all of the debtor's plan payments have been made, the only thing remaining in this case is the very ministerial act of entering a discharge as per the requirements of 11 U.S.C. §1328(a).  Unlike _Shepherd_, there is no personal representative of a probate estate seeking to step in to the debtor's place during the pendency of the plan and no party is tendering a modified plan to the court and requesting confirmation of the same.  Unlike _Shepherd_, the debtor's plan in this case has been fully funded.  The trustee's reliance on _Shepherd_ is additionally misplaced because the court in _Shepherd_ actually indicated that the entry of a discharge could be appropriate where a debtor's plan payments had been completed prior to the death of a debtor.  The court further related that a hardship discharge would also be appropriate under such circumstances and that it may be in the best interests of all parties to just let whatever was set in motion continue.  In short, _Shepherd_ can be viewed as authority _for_ the instant motion.

7. In the most obvious sense, death is both a disability and an incapacity.  The fact that Congress did not engage in redundancy or absurdity by specifically delineating death as an exception in 11 U.S.C. §109(h) does not change this reality.  Like the debtor in _Bouton_, the debtor in this case completed all of the debtor's plan payments.  Like the debtor in _Bouton_, the debtor in this case never had any domestic support obligations as per the debtor's own sworn bankruptcy schedules.  Like _Bouton_, the only thing left concerning the instant case is the ministerial act of entering a discharge.  The issue is not what the trustee thinks is appropriate under the circumstances.  The issue is simply whether death qualifies as a disability or incapacity under 11 U.S.C. §109(h).  As per the aforementioned case law, death clearly does so qualify and a discharge should be entered.

    This motion is premised upon the attached Memorandum of Law and upon all records and documents available to the Court.

      **WHEREFORE**, the undersigned counsel respectfully requests the Court to issue an Order granting the relief originally requested in the motion submitted December 10, 2013.

Dated: this 8th day of January, 2014.

                **BEHM LAW GROUP, LTD.**

                /s/ Stephen J. Behm
                Stephen J. Behm, #263758
                Attorney for Debtors
                403 South Broad Street, Suite 60
                P.O. Box 1056
                Mankato, MN 56002-1056
                Telephone: (507) 345-5500

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:                                                    Bky. No. 09-35499

Kathy Rose Pexa,

        Debtors                           Chapter 13 Case

---

**UNSWORN CERTIFICATE OF SERVICE**

---

     I, Stephen J. Behm, attorney with Behm Law Group, Ltd., 403 South Broad Street, Suite 60, P.O. Box 1056, Mankato, MN 56002-1056, declare that on January 8, 2014 I mailed the attached **Reply** upon all of the entities listed below and on those listed on the attached service list by first class mail postage prepaid to each entity on said list at the addresses stated for each entity, as indicated.

GE Money Bank, c/o Recovery Management Systems Corp., Attn: Ramesh Singh, 25 SE 2nd Avenue, Suite 1120, Miami, FL 33131-1605.

Upon each of the entities named below by email via CM/ECF Filing:

| | | |
|---|---|---|
| Gregory A. Burrell, trustee | -- | cmecfjzkmn@ch13mn.com |
| U.S. Trustee | -- | ustpregion12.mn.ecf@usdoj.gov |
| Margaret H. Culp, Esquire | -- | mhc@ch13mn.com |

Dated: this 8th day of January, 2014.

                                **BEHM LAW GROUP, LTD.**

                                /s/ Stephen J. Behm
                                Stephen J. Behm, #263758
                                Attorney for Debtors
                                403 South Broad Street, Suite 60
                                P.O. Box 1056
                                Mankato, MN 56002-1056
                                Telephone: (507) 387-7200